**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| HUMPHREYS & PARTNERS ARCHITECTS, L.P., | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:13-cv-433 TSE/TCB ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| LESSARD DESIGN, INC.; LESSARD GROUP INC.; CHRISTIAN J. LESSARD; CLARK BUILDERS GROUP, LLC; PDT BUILDERS, LLC; THE PENROSE GROUP; SIXTH PENROSE INVESTING COMPANY, LLC; PARK CREST SPE PHASE I, L.L.C.; PENROSE/DONOHOE TYSONS, LLC; NORTHWESTERN INVESTMENT MANAGEMENT COMPANY, LLC; and THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

<u>**THIRD AMENDED COMPLAINT**</u>

Plaintiff Humphreys & Partners Architects, L.P. submits its Third Amended Complaint,

adding factual allegations in Paragraph 8 below (including its subparts) regarding The Penrose

Group pursuant to the Court's Order dated September 23, 2013 (Dkt. No. 92), and hereby

complains and alleges against Defendants Lessard Design, Inc.; Lessard Group Inc.; Christian J.

Lessard; Clark Builders Group LLC; PDT Builders, LLC; The Penrose Group; Sixth Penrose

Investing Co., LLC; Park Crest SPE Phase I, L.L.C.; Penrose/Donohoe Tysons, LLC;

Northwestern Investment Management Co., LLC; and The Northwestern Mutual Life Insurance

Company (collectively, "Defendants") as follows:[1]

## I.    NATURE OF THE ACTION

1.    This is an action for copyright infringement arising under the copyright laws of the United States, 28 U.S.C. § 1338 and 17 U.S.C. § 101, *et seq*., to enjoin, obtain damages, and recover infringer profits resulting from Defendants' infringement of Plaintiff's copyrights in an architectural work titled "Grant Park Condominiums."

## II.    PARTIES

2.    Plaintiff Humphreys & Partners Architects, L.P. ("Plaintiff" or "Humphreys") is a limited partnership organized under the laws of the State of Texas with its principal place of business located at 5339 Alpha Road, Suite 300, Dallas, Texas 75240.  Humphreys regularly conducts business in the judicial district of the Eastern District of Virginia.

3.    Defendant Lessard Design, Inc., is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business at 8521 Leesburg Pike, Suite 700, Vienna, Virginia 22182.  Defendant Lessard Design, Inc. regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

4.    Defendant Lessard Group Inc. is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business located at 8521 Leesburg Pike, Suite 700, Vienna, Virginia 22182.  Defendant Lessard Group Inc. regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

---

[1] This Third Amended Complaint also corrects the copyright registration number in Paragraph 50 (Paragraph 52 in the Second Amended Complaint).

5.     Defendant Christian J. Lessard is an individual who, upon information and belief, resides at 695 Bucks Lane, Great Falls, Virginia 22066.  Mr. Lessard resides in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

6.     Defendant Clark Builders Group, LLC ("Clark") is a limited liability company organized under the laws of the State of Maryland.  According to Virginia's State Corporation Commission records, Clark Builders Group, LLC's principal place of business is located at 2 Bethesda Metro, Bethesda, Maryland 20814.  Upon information and belief, Clark Builders Group, LLC maintains a corporate headquarters at 4401 Wilson Boulevard, Suite 600, Arlington, Virginia 22203.  Defendant Clark Builders Group, LLC regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

7.     Defendant PDT Builders, LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business located at 8330 Boone Boulevard, Suite 460, Vienna, Virginia 22182.  Defendant PDT Builders regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

8.     Defendant The Penrose Group is, upon information and belief, an unincorporated association or de facto general partnership with its principal place of business located at 8330 Boone Boulevard, Suite 460, Vienna, Virginia 22182.  Defendant The Penrose Group regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

a.      The Penrose Group is an ongoing enterprise of individuals who have joined together by mutual consent for the purpose of creating and promoting different real estate or other development projects and carrying on as co-owners a business for profit.   Once development activities for a particular project have proceeded to a certain point, The Penrose Group ultimately forms one or more project-specific companies in an effort to shield its partners or members from personal liability.  The individuals who are partners or members of The Penrose Group include Mark Gregg, Olav Kollevoll, Tim McDonald, and Ron Testa.

b.      In order to carry out the tasks to facilitate a particular project, The Penrose Group, according to the website http://penrosegroup.com ("the website"), maintains an infrastructure that constitutes a de facto partnership or unincorporated association. Among other things, the de facto partnership or unincorporated association has, according to the website, a "Managing Partner" (Mark Gregg), as well as a General Counsel (Olav Kollevoll), a Chief Financial Officer (Ron Testa), a Director of Development and Construction (Tim McDonald), a Managing Director of Acquisitions (Timothy Riordan), an Assistant Development Manager (Michael Gregg), and an Associate Counsel (Andrew Gregg).  Also according to the website, The Penrose Group has a "staff."

c.      According to the website, The Penrose Group holds itself out to the public as an organization, and undertakes business activities in the name of The Penrose Group.  According to the website, The Penrose Group is "an active developer, owner and investor in commercial real estate focused on value creation" with the "capability to invest in projects, and to oversee and manage all phases from completion of construction to stabilization and disposition" and is "focused on land acquisition and development in Washington, D.C., and surrounding areas," where at one time it was "the largest owner of contiguous land in the Washington, D.C., metro area."  Also according to the website, "[d]uring its 20+ years in business," The Penrose Group "has amassed an

impressive portfolio that has included apartments, master-planned communities, commercial offices, industrial and mixed-use developments."

       d.     With respect to the Park Crest project, the partners or members of The Penrose Group operate through this de facto partnership and/or unincorporated association.

       e.     Long before PDT Builders was formed in February 2011, the partners or members of the association or partnership known as The Penrose Group undertook activities to develop Two Park Crest.  For example:

       i.     In letters to Fairfax County in at least 2008 and 2010, The Penrose Group communicated in its own name about zoning and development for Two Park Crest, even though the formal owner was Park Crest SPE Phase I, LLC ("Park Crest SPE").

       ii.     In 2010, Tim McDonald, Olav Kollevoll, and other partners or members of The Penrose Group communicated in the name of the partnership/association The Penrose Group with Humphreys regarding Two Park Crest.

       iii.     In 2010, Tim McDonald, Olav Kollevoll, and other partners or members of The Penrose Group communicated in the name of the partnership/association The Penrose Group with other third parties regarding services, bids, and contracts regarding Two Park Crest.

       iv.     In 2010, Tim McDonald communicated in the name of the partnership/association The Penrose Group to solicit design services proposals for Two Park Crest.

       v.     In 2010, The Penrose Group hired Lessard Urban as the architect for Two Park Crest, but put the contract in the name of Park Crest SPE, even though Park Crest SPE had a potential or pending contract to sell the land and would not be involved in developing a building to be constructed at the Two Park Crest site.

vi.      In January 2011, after Park Crest SPE sold the land but before PDT Builders was formed, Tim McDonald accepted in the name of The Penrose Group a geotechnical engineering report regarding Two Park Crest.

vii.     In January 2011, after Park Crest SPE sold the land but before PDT Builders was formed, the members or partners acting in the name of The Penrose Group listed the partnership/association The Penrose Group on a project description for Two Park Crest.

viii.    In February 2011, Northwestern made payments to The Penrose Group in relation to Two Park Crest.

ix.      In documentation regarding Two Park Crest, the partners or members acting in the name of The Penrose Group identified the partnership/association The Penrose Group as the Development/Construction Manager of the Two Park Crest project.

x.       In taking these steps and engaging in these activities, the individuals constituting The Penrose Group intended to receive and share profits related to Two Park Crest.

xi.      In this litigation, The Penrose Group has acted as a de facto partnership or unincorporated association by affirmatively asserting counterclaims against Humphreys, and for which the de facto partnership or unincorporated association known as The Penrose Group seeks a judicial declaration as well as its costs, expenses, and attorneys' fees. (Dkt. No. 86 at 10.)

9.      Defendant Sixth Penrose Investing Co., LLC ("Sixth Penrose") is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business located at 8330 Boone Boulevard, Suite 460, Vienna, Virginia 22181. Defendant Sixth Penrose regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

10.     Defendant Park Crest SPE Phase I, L.L.C. ("Park Crest SPE") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 8330 Boone Boulevard, Suite 460, Vienna, Virginia 22182.   Defendant Park Crest SPE regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

11.     Defendant Penrose/Donohoe Tysons, LLC ("Penrose/Donohoe Tysons") is a limited liability company organized under the laws of Virginia with its principal place of business located at 8330 Boone Boulevard, Suite 460, Vienna, Virginia 22181.   Defendant Penrose/Donohoe Tysons regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district

12.     Defendant Northwestern Investment Management Co., LLC ("Northwestern Investment") is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.   Defendant Northwestern Investment regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

13.     Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.   Defendant Northwestern Mutual regularly conducts business in the judicial district of the Eastern District of Virginia and committed the acts of infringement alleged in this Complaint in this judicial district.

14.     Lessard Design, Inc., Lessard Group Inc., and Christian J. Lessard will be referred to collectively in this Complaint as the "Lessard Defendants."

### III.   JURISDICTION AND VENUE

15.     This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

16.     This Court has original jurisdiction over the subject matter of this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

17.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they reside in this judicial district and division, and Defendants regularly transact business in this judicial district and division, by, among other things, regularly and systematically offering its products and services to customers, business affiliates, and partners located in this judicial district and division.  (*See supra* ¶¶ 3-13.)  In addition, Defendants have committed acts of infringement in this judicial district and division.

18.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1400(a) because all Defendants may be found in this judicial district and division.  Venue is also proper in this judicial district and division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue occurred in this judicial district.

### IV.   FACTUAL BACKGROUND

**A.     Humphreys Is The Owner Of A Valid Copyright In The Grant Park Design.**

19.     Humphreys is an architecture firm which creates and markets architectural designs. Humphreys owns copyrights protecting the architectural works and architectural drawings it has created.

20.     Humphreys is the author and the sole owner of all copyrights in an architectural work titled "Grant Park Condominiums" (hereinafter, "the Grant Park design").

21.     Under United States law, an "architectural work" is "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings.  The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features."  17 U.S.C. § 101.

22.     The Grant Park design is an original work that may be copyrighted under United States law.

23.     The Grant Park design has been registered as an architectural work with the United States Copyright Office.  A certificate of copyright registration, Number VAu 579-008, was issued by the United States Copyright Office, effective February 19, 2003.

24.     The Grant Park design is the design of a high rise residential building.  The Grant Park design was originally embodied in architectural plans and drawings, and was then embodied in a building constructed in 2004 in Minneapolis, Minnesota.

25.     The Grant Park design is an original arrangement and composition of spaces and elements that form a building design.  It includes an arrangement and composition of elevator lobbies that are connected by a fire corridor.  There are two elevator lobbies on each residential floor, and the residential units on each floor are arranged so that there is direct access into each unit from an elevator lobby.  This arrangement and composition of elevator lobbies, fire corridor, and residential units causes the overall form of each floor to have a "barbell" shape, narrower in the middle and wider at the ends.  This arrangement and composition of the elevator lobbies, fire corridor and residential units results in an exterior building appearance characterized by alternating vertical elements, that give the building a tall, sleek appearance.  There is a projected, cantilevered element in the cornice at the roof line.

**B.     The Lessard Defendants And The Penrose Group Obtained Access To
The Humphreys Grant Park Design.**

26.     Humphreys uses the service mark Home Rise® to describe this high rise residential

design, and obtained Registration No. 2686235 from the United States Patent and Trademark Office

for this service mark.   Humphreys has presented and marketed the Grant Park design under the

Home Rise® mark extensively and regularly since 2004 in hundreds of presentations to the multi-

family housing industry.   The Grant Park design has also been presented on Humphreys' website.

The foregoing presentations and marketing have resulted in wide dissemination of the Grant Park

design to architects, developers, and builders in the multi-family housing industry, including the

Lessard Defendants and The Penrose Group.

27.     Defendant Christian J. Lessard has been present for such presentations by Humphreys

at meetings and conferences of the multi-family housing industry.   Christian J. Lessard was aware of

the Grant Park design and had discussed attributes of the design with representatives of Humphreys.

Christian J. Lessard and his companies, Lessard Group, Lessard Design and Lessard Urban, Inc.,

obtained access to the Grant Park design through these meetings and conferences.

28.     On September 30, 2010, The Penrose Group requested a proposal from Humphreys

for the design of a proposed nineteen-story apartment building to be constructed in McLean,

Virginia in Fairfax County.   In response, Humphreys provided a written proposal and drawings

illustrating the Grant Park design.   Representatives of Humphreys met with Mark Gregg and Tim

McDonald of The Penrose Group in The Penrose Group offices in Vienna, Virginia on October 6,

2010.   During this meeting, the Humphreys representatives showed the Grant Park design to Mark

Gregg and Tim McDonald.   Mark Gregg and Tim McDonald were extremely impressed with the

uniqueness and efficiency of the Grant Park design.  Mark Gregg even stated that he was going to Minneapolis and would visit the completed Grant Park project.

29.     In a second meeting, representatives of Humphreys met with Tim McDonald and Olav Kollevoll of The Penrose Group on October 27, 2010, once again in The Penrose Group offices in Vienna, Virginia.  Tim McDonald and Olav Kollevoll said that Mark Gregg had visited the Grant Park project in Minneapolis and that he was impressed with it.  The discussion during this second meeting centered on the Grant Park design, its suitability for the proposed site, and its efficiency advantage.

30.     The Penrose Group thus obtained access to the Grant Park design through these meetings and communications with Humphreys.  In addition, the Penrose Group obtained access to the Grant Park design by viewing the completed building in Minneapolis, Minnesota.

### C.     Defendants Copied The Humphreys Grant Park Design.

31.     After the meeting on October 27, 2010, Humphreys made several inquiries to The Penrose Group regarding whether the apartment project was going forward and whether The Penrose Group required any additional information from Humphreys.  On November 17, 2010, Tim McDonald of The Penrose Group told Mark Humphreys that The Penrose Group had decided to have Christian J. Lessard design the Two Park Crest project.  McDonald did not tell Humphreys that The Penrose Group and the Lessard Defendants were going to use the Humphreys Grant Park design as the basis of the Two Park Crest project.

32.     After the meeting on October 27, 2010 between The Penrose Group and Humphreys, Tim McDonald of The Penrose Group provided a copy of the Humphreys Grant Park design to Christian J. Lessard.  The Penrose Group did not tell Humphreys it was doing this.

33.     Defendant Park Crest SPE owned the real property in Fairfax County, Virginia, where Penrose and the Northwestern Defendants are constructing the Two Park Crest tower. Penrose/Donohoe Tysons is the managing member of Park Crest SPE, and controls the activities of Park Crest SPE.  Through this ownership interest, Penrose/Donohoe Tysons has a financial interest in the business of Park Crest SPE.  The Penrose Group controls and directs Penrose/Donohoe Tysons.

34.     After receiving the Humphreys Grant Park design from The Penrose Group, Christian J. Lessard and one of his companies, Lessard Urban, Inc. , a subsidiary of Defendant Lessard Group, entered into an agreement to design a high rise residential building to be known as "Two Park Crest" or "Park Crest Two."  Within weeks of Christian J. Lessard's receipt of the Humphreys Grant Park design, Christian J. Lessard and Lessard Urban, Inc. prepared a plan that was based on Humphreys Grant Park design.  Two days after Lessard prepared this infringing design and sent it to Penrose, Tim McDonald of The Penrose Group told Mark Humphreys that The Penrose Group had decided to retain Christian J. Lessard and his firm.  Lessard Urban then prepared and provided infringing plans and drawings for Two Park Crest to Park Crest SPE.

35.     In December 2010 or January 2011, Park Crest SPE sold real and intangible property to Northwestern Mutual.  The intangible property included the infringing plans and drawings which Christian J. Lessard and Lessard Urban, Inc. had prepared by copying the Humphreys Grant Park design.

36.     The Penrose Group and Northwestern Mutual then planned the development and construction of the Two Park Crest tower, which would infringe Humphreys' copyright in the Grant Park design.  Shortly after it purchased the land and the infringing plans and drawings that Lessard Urban had copied from Humphreys Grant Park design, Northwestern Mutual agreed with The

Penrose Group that The Penrose Group would create new companies to construct an infringing building based on the infringing architectural plans and drawings. Northwestern Mutual and The Penrose Group agreed that the new Penrose Group entities would act as the developer of the Two Park Crest project.

37.     In January 2011, Defendant Northwestern Mutual, through its agent Northwestern Investment, entered into a new contract with Lessard Design for architectural services in connection with the Two Park Crest tower. As part of this agreement, Northwestern Mutual agreed to provide all of the existing infringing architectural plans and drawings for the Two Park Crest tower to Lessard Design. Lessard Design agreed to take those infringing plans and drawings and prepare additional construction drawings that could be provided to a contractor for the purpose of constructing an infringing building. Lessard Design expressly agreed that Northwestern Mutual would exercise control of the infringing design throughout this design process. In addition, Northwestern Mutual expressly gave Lessard Design permission to use the infringing architectural drawings and plans that had been copied from the Humphreys Grant Park design.

38.     In keeping with its agreement with Northwestern Mutual, The Penrose Group caused two new entities to be created, Defendant Sixth Penrose Investing Company, LLC and Defendant PDT Builders, LLC. Sixth Penrose is a member of PDT Builders, and controlled and managed the activities of PDT Builders, LLC. Through its ownership interest, Sixth Penrose has a financial interest in the business of PDT Builders. After The Penrose Group caused these two new businesses to be formed, PDT Builders entered into agreements with Northwestern Mutual to develop the Two Park Crest tower. Northwestern Mutual provided to PDT Builders the infringing architectural plans and drawings that Christian J. Lessard and Lessard Urban had prepared based on the Humphreys Grant Park design. Northwestern Mutual controlled the property and assisted, encouraged and

allowed the property to be used for the location of an infringing building based on the Humphreys Grant Park design.  PDT Builders agreed to serve as Northwestern Mutual's agent in supervising and directing the infringing design activities of Lessard Design under the agreement between Northwestern Mutual and Lessard Design.  Northwestern Mutual and PDT Builders agreed to share in the profits from owning, operating and/or selling the infringing Two Park Crest tower.

39.     Christian J.  Lessard prepared and/or directed the preparation of the Park Crest plans by actually copying the Humphreys Grant Park design, and then actually using the Humphreys Grant Park design as the basis for the Park Crest plans.  This copying began while Christian J.  Lessard was at Lessard Group, was performed by or at the discretion of Christian J. Lessard through or with Lessard Urban, Inc., and continued and was completed at Lessard Design.  Consequently, the Lessard Defendants' Park Crest plans are an unauthorized derivative of the Humphreys Grant Park design.

40.     In addition to actual copying by the Lessard Defendants, the existence of substantial similarity between the Lessard Park Crest plans and the Humphreys Grant Park design demonstrates infringement of Humphreys' copyright by the Defendants.  The Park Crest plans prepared by the Lessard Defendants are objectively similar to the Humphreys Grant Park design.  By way of example, and without limitation, the following objective similarities exist between the Lessard Park Crest plans and the Humphreys Grant Park design.  Both are high rise residential buildings.  Both have an arrangement and composition of two elevator lobbies connected by a fire corridor.  Both have the residential units arranged around the elevator lobbies so that each unit has direct access to an elevator lobby.  Both have a "barbell" shape in the arrangement of their building floor plans.  Both have a mechanical/electrical room at one end of the fire corridor, and a trash chute at the other end of the fire corridor, on each residential floor.  Both have stairwells adjacent to each of the

14

elevator lobbies rather than separated from the elevator lobbies.  Both have entrance hallways into three of the four corner units on each residential floor which are on a diagonal axis into the corner units.  Both have an exterior appearance characterized by alternating vertical elements resulting from the arrangement and composition of the elevator lobbies, fire corridor, and residential units.  Both have projected cantilevered elements in the cornices at the roof lines.  All of the foregoing objective similarities in the arrangement and composition of spaces and elements that form the design of a building are subject to copyright protection as architectural works.

41.     The Park Crest plans prepared by the Lessard Defendants are also subjectively similar to the Humphreys Grant Park design.  The arrangement and composition of spaces and elements in each of  the Lessard Park Crest plans and the Humphreys Grant Park design is expressed in a substantially similar manner.

42.     The objective and subjective similarity between the Lessard Park Crest plans and the Humphreys Grant Park design is evidence that the Lessard Park Crest plans were copied from the Humphreys Grant Park design.

**D.     The Pirated Design Was Given To Clark Builders Group Defendants And Defendants Began Construction Of Park Crest Two, An Infringing Copy Of The Humphreys Grant Park Design.**

43.     Northwestern Mutual contracted with Defendant Clark Builders Group to develop and construct a building based on the Grant Park design in McLean, Virginia.  Northwestern Mutual and/or its agent Northwestern Investment provided the infringing Park Crest plans that had been prepared by the Lessard Defendants to Clark.  On March 22, 2012, Clark obtained a building permit for a nineteen-story mixed use apartment building named "Two Park Crest" to be located at 8231 Crestwood Heights Drive in McLean, Virginia 22102 in Fairfax County.  To obtain this building

permit, Clark used the infringing Park Crest plans that the Lessard Defendants had prepared, which were based on the Humphreys Grant Park design.

44.     Northwestern Mutual, Northwestern Investment, The Penrose Group, PDT Builders, Sixth Penrose, Christian J. Lessard, Lessard Design and Clark are all currently involved in the construction of Two Park Crest using the Lessard Park Crest plans.  The Two Park Crest building is an infringing derivative copy of  the Humphreys Grant Park design.

45.     In addition, any sales and/or rentals of all or part of the infringing Two Park Crest building will be additional acts of infringement of the Humphreys Grant Park design.

**E.     Defendants' Acts Infringe Humphreys' Copyright In The Grant Park Design.**

46.     Under United States law, the owner of a copyright has the exclusive right to do and authorize the following acts:

> (1)     to reproduce the copyrighted work;
>
> (2)     to prepare derivative works based upon the copyrighted work, and
>
> (3)     to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending.

Any violation of these exclusive rights is copyright infringement.  All of the Defendants have violated and are violating Humphreys' exclusive rights as owner of the copyright in the Grant Park design, and have infringed and are infringing Humphreys' copyright in the Grant Park design.

**F.     Humphreys Discovers The Infringement.**

47.     Humphreys learned of the Lessard copy of the Grant Park design during the National Apartment Summit on October 3, 2012 in Washington, D.C.  One of the Humphreys architects who had been at both meetings with The Penrose Group in October 2010 attended the Summit.

Christian J. Lessard made a presentation during the Summit in which he showed a slide of what he claimed was his design for "Parc Crest Tyson's Corner, VA." The Humphreys architect realized that Lessard's slide depicted a copy of the Grant Park design and took a photo of the slide. When Christian J. Lessard finished his presentation, the Humphreys architect attempted to talk to him, but when Lessard saw the Humphreys architect, he immediately left the room.

48.     Humphreys retained the undersigned counsel and has filed this action to enforce and protect its copyright in the Grant Park design.

## V.     CLAIMS

### COUNT I
### (COPYRIGHT INFRINGEMENT)

49.     Humphreys repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

50.     The Grant Park design has been registered as an architectural work with the United States Copyright Office. A certificate of copyright registration, Number VAu 579-008, was issued by the United States Copyright Office, effective February 19, 2003.

51.     Humphreys is the author and owner of all rights, title, and interest in the Grant Park design, with the full and exclusive right to bring suit to enforce this copyright and recover for infringement.

52.     The Lessard Defendants infringed Humphreys' copyright in the Grant Park design. The Lessard Defendants committed numerous acts of infringement, including the following:

    a.     The Lessard Defendants made copies of the Humphreys Grant Park design.

    b.     The Lessard Defendants made derivatives of the Humphreys Grant Park design.

    c.      The Lessard Defendants published copies and derivatives of the Humphreys Grant Park design on the website, http://lessarddesign.com.

    d.      The Lessard Defendants materially aided, induced, and/or contributed to the publication and distribution by others, including Northwestern Mutual, Northwestern Investing, PDT Builders, Sixth Penrose, The Penrose Group, Park Crest SPE, Penrose/Donohoe Tysons, and Clark of copies and derivatives of the Humphreys Grant Park design.

53.    The Penrose Group infringed Humphreys' copyright in the Grant Park design.  The Penrose Group committed numerous acts of infringement, including the following:

    a.      The Penrose Group made copies of the Humphreys Grant Park design.

    b.      The Penrose Group made derivatives of the Humphreys Grant Park design.

    c.      The Penrose Group published copies and derivatives of the Humphreys Grant Park design on the website, http://www.penrosegroup.com.

    d.      The Penrose Group are constructing a building that is a copy and/or derivative of the Humphreys Grant Park design.

    e.      The Penrose Group materially aided, induced, and/or contributed to the publication and distribution by others, including Lessard Design, Lessard Group, Christian J. Lessard, Northwestern Mutual, Northwestern Investment, PDT Builders, Sixth Penrose, Park Crest SPE, Penrose/Donohoe Tysons, and Clark of copies and derivatives of the Humphreys Grant Park design.

54.    Defendants Park Crest SPE and Penrose/Donohoe Tysons infringed Humphreys' copyright in the Grant Park Design.  Park Crest SPE and Penrose/Donohoe Tysons committed numerous acts of infringement, including the following:

    a.      Park Crest SPE materially aided, induced and/or contributed to the publication and distribution by others, including the

Lessard Defendants, Northwestern Mutual, Northwestern Investment, PDT Builders and Sixth Penrose, of copies and derivatives of the Humphreys Grant Park design.

b. Park Crest SPE and Penrose/Donohoe Tysons sold infringing copies and/or derivatives of the Humphreys Grant Park design.

c. Penrose/Donohoe Tysons materially aided, induced and/or contributed to all infringing activities of defendant Park Crest SPE.

55. Defendants Northwestern Mutual and Northwestern Investment infringed Humphreys' copyright in the Grant Park design. Northwestern Mutual and Northwestern Investment has committed numerous acts of infringement, including the following:

a. Northwestern Mutual and Northwestern Investment are constructing, or participating in constructing, a building that is a copy and/or derivative of the Humphreys Grant Park Design.

b. Northwestern Mutual and Northwestern Investment distributed copies and derivatives of the Humphreys Grant Park design to the Lessard Defendants, PDT Builders, Sixth Penrose and Clark.

c. Northwestern Mutual and Northwestern Investment materially aided, induced and/or contributed to the publication and distribution by others, including the Lessard Defendants, The Penrose Group, PDT Builders, Sixth Penrose, Park Crest SPE, Penrose/Donohoe Tysons, and Clark of copies and derivatives of the Humphreys Grant Park design.

56. PDT Builders and Sixth Penrose infringed Humphreys' copyright in the Grant Park design. PDT Builders and Sixth Penrose committed numerous acts of infringement, including the following:

a. PDT Builders and Sixth Penrose made copies of the Humphreys Grant Park design.

  b. PDT Builders and Sixth Penrose made derivatives of the Humphreys Grant Park design.

  c. PDT Builders and Sixth Penrose are constructing a building that is a copy and/or derivative of the Humphreys Grant Park design.

  d. PDT Builders and Sixth Penrose materially aided, induced, and/or contributed to the publication and distribution by others, including Lessard Design, Inc., Lessard Group Inc., Christian J. Lessard, Clark Builders Group, LLC and PDT Builders, LLC, of copies and derivatives of the Humphreys Grant Park design.

57. Clark Builders Group infringed Humphreys' copyright in the Grant Park design.

Clark committed numerous acts of infringement, including the following:

  a. Clark made copies of the Humphreys Grant Park design.

  b. Clark made derivatives of the Humphreys Grant Park design.

  c. Clark published copies and derivatives of the Humphreys Grant Park design on the website, http://www.clarkbuildersgroup.com.

  d. Clark published copies and derivatives of the Humphreys Grant Park design by submitting them to Fairfax County, Virginia for the purpose of obtaining a building permit that would allow construction of a building based on the Humphreys Grant Park design.

  e. Clark is constructing a building that is a copy and/or derivative of the Humphreys Grant Park design.

  f. Clark materially aided, induced, and/or contributed to the publication and distribution by others, including The Penrose Group, of copies and derivatives of the Humphreys Grant Park design.

58. The acts of Defendants in the creation and publication of copies and derivatives based

on the Humphreys Grant Park design have infringed and are infringing Humphreys' copyright in the

Grant Park design.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the

following relief:

A.     That this Court adjudge and decree that Defendants infringed Plaintiff's copyright as

alleged above;

B.     That this Court, pursuant to Fed. R. Civ. P. 65 and 17 U.S.C. § 502, permanently

enjoin Defendants, their affiliates, agents, servants, employees, attorneys,

representatives, successors and assigns, and all others in active concert or

participation with them from infringing Plaintiff's copyright, including but not

limited to the further use of infringing plans, creation or use of derivative plans, and

construction, sale or rental of infringing structures, including the Two Park Crest

building at 8231 Crestwood Heights Drive in McLean, Virginia.

C.     Pursuant to Fed. R. Civ. P. 65(f), this Court issue an order pursuant to 17 U.S.C. §

503 directing the United States Marshals Service to (a) impound all documentary

copies of the Grant Park design in possession of Defendants or their affiliates, agents,

servants, employees, attorneys, representatives, successors and assigns, and all others

in active concert or participation with them during the pendency of this lawsuit; and

(b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

D.     That this Court order an accounting to determine the damages to be awarded to

Plaintiff as a result of Defendants' infringement;

E.     That this Court order an award to Plaintiff of such damages as it shall prove at trial

against Defendants that are adequate to compensate Plaintiff for Defendants'

infringement, including all of Plaintiff's lost profits, as provided by 17 U.S.C. § 504(b), and all of Defendants' profits attributable to their infringement, as provided by 17 U.S.C. § 504(b), together with interest, or in the alternative, award Plaintiff statutory damages as provided by 17 U.S.C. § 504(c);

F.     That this Court order an award to Plaintiff of its costs and reasonable attorneys' fees; and

G.     That this Court grants such other and further relief as the Court may deem proper and just.

Dated: October 4, 2013                          Respectfully submitted,


                                                /s/ Walter D. Kelley, Jr.
                                                _____
                                                Walter D. Kelley, Jr. (VSB No. 21622)
                                                Jennifer L. Swize (*pro hac vice*)
                                                Tara Lynn R. Zurawski (VSB No. 73602)
                                                JONES DAY
                                                51 Louisiana Avenue, NW
                                                Washington, DC 20001
                                                Tel: (202) 879-3939
                                                Fax: (202) 626-1700
                                                Email: wdkelley@jonesday.com
                                                Email:  jswize@jonesday.com
                                                Email: tzurawski@jonesday.com


                                                Patrick Zummo (*pro hac vice*)
                                                Susan R. Agee (*pro hac vice*)
                                                LAW OFFICES OF PATRICK ZUMMO
                                                3900 Essex Lane, Suite 800
                                                Houston, Texas 77027
                                                Tel: (713) 651-0590
                                                Fax: (713) 651-0597
                                                Email: pzummo@zoomlaw.com
                                                Email: agee@anvilcom.com


                                                *Counsel for Humphreys & Partners Architects, L.P.*

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Humphreys respectfully demands trial by jury of all issues so triable.


*/s/ Walter D. Kelley, Jr.*

_____

Walter D. Kelley, Jr. (VSB No. 21622)

*Counsel for Humphreys & Partners Architects, L.P.*

## CERTIFICATE OF SERVICE

I certify that on October 4, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notification to the following ECF participants:

Antigone G. Peyton
Kandis M. Koustenis
Cloudigy Law, PLLC
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
antigone.peyton@cloudigylaw.com
kandis.koustenis@cloudigylaw.com

Paul A. Varela
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
pvarela@wthf.com

*Counsel for The Penrose Group; PDT Builders, LLC; Clark Builders Group LLC; Sixth Penrose Investing Company, LLC; Park Crest SPE Phase I, L.L.C.; and Penrose/Donohoe Tysons, LLC*

Patrick Coyne
Christopher P. Foley
Hala Mourad
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
patrick.coyne@finnegan.com
christopher.foley@finnegan.com
hala.mourad@finnegan.com

Randal W. Wax
6308 Sixteenth Street, N.W.
Washington, DC 20011
randal_wax@yahoo.com

*Counsel for Lessard Design Inc.; Lessard Group Inc.; and Christian J. Lessard*

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, DC 20036
cmead@londonandmead.com

Craig C. Reilly
111 Oronoco Street
Alexandria, Virginia 22314
craig.reilly@ccreillylaw.com

*Counsel for Northwestern Investment Management Company, LLC and Northwestern Mutual Life Insurance Company*

/s/ Walter D. Kelley, Jr.

_____
Walter D. Kelley, Jr. (VSB No. 21622)
*Counsel for Plaintiff Humphreys & Partners Architects, L.P.*