IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| HUMPHREYS & PARTNERS ARCHITECTS, L.P., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:13-cv-433 TSE/TEC |
| v. | ) ) | |
| LESSARD DESIGN, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

### DECLARATION OF DANIEL W. FIGERT, A.I.A.

1. My name is Daniel W. Figert. I am employed by Synergen Consulting International. I am licensed as an architect in Texas, and have been licensed in many other states. I am a member of the American Institute of Architects. I have personal knowledge of the facts and opinions set out in this Declaration.

2. Attached to this Declaration is a copy of my current curriculum vitae. It accurately sets out my education and professional experience.

3. I have been retained by Humphreys & Partners Architects, L.P. through its counsel, to provide opinions based on my education, training and professional experience in the lawsuit described above. I have provided information to counsel for Humphreys & Partners Architects, L.P., as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, and I understand that this information has been provided to the defendants. The information I have provided includes my report dated October 7, 2013. I was also deposed by defense counsel on November 26, 2013.

4.     I understand that the defendants in the lawsuit described above have filed motions for summary judgment. At the request of counsel for Humphreys & Partners Architects, L.P., I make this declaration to provide evidence to the Court in response to defendants' motions for summary judgment.

5.     In my forty one year career as an architect, I have designed many multi-family residential buildings. In particular, I have been the Architect of Record on six high rise residential building projects. These projects are: Anderson Apartments, Madisonville, KY; Married Student Residences, Murray, KY; Albert Einstein Hospital Staff Residences, New York City; Trinity Towers, Corpus Christie, TX; Alexian Brothers retirement community, Collegedale, TN; and Adams Mark Retirement – Life Center, Lauderdale Lakes, FL. I have been Architect of Record for the following multi-family residential projects; First Metropolitan Apartment complex, Union City, TN, First Metropolitan Apartment complex, Franklin, KY; First Metropolitan Apartment complex, Clarksville, TN; Residences for the Job Corps in Simpsonville, KY; Rudd Condominiums, Madisonville, KY; and Badgett Executive Residences, Madisonville, KY. In Addition I have provided Project Management or Expert services for the following high rise residential building projects: Kirby Condominium Tower, Houston, TX; Endeavour Condominiums, Clear Lake Texas; Azure Condominiums, Dallas, TX; Sorrento Condominiums, Dallas, TX; and Ritz Carlson Residences and Hotel, Dallas, TX.

6.     In addition, as I described in my deposition, I have worked for several companies whose business included the development and construction of multi-family residential projects. The opinions I offer in this case are based on my education as an architect, and my training and professional experience as an architect, including my experience in the multi-family residential industry and my experience as Architect of Record on high rise residential buildings

7. In comparing the Humphreys Grant Park Condominiums design to the Park Crest Two building, I have followed the professional practice described at page 19 of my deposition, as follows:

> "… But one of the characteristics of the architectural education is that when a student completes a design, there is an analysis, a comparison of that design with all of the other designs in an architectural class, both by the instructors and the jury in that class and by the students themselves. So to that degree -- and it's very common for architects to compare designs as they live their life and practice their work."

8. The use by an architect of another architect's design or project development is inappropriate from a professional ethics point of view and does not follow industry standards recognized in the architectural community.

9. There is a substantial similarity between Humphreys' Grant Park design and Lessard's Park Crest design, which includes not only a similarity of concepts but also a similarity in the expression of those concepts.

10. The two designs have an extrinsic similarity in that the ideas and expression of the ideas used in the projects have substantial similarities. These include such things as building floor plan layout, exit circulation, building size, and composition of the major elements that make up the exterior expression of the designs.

11. The following are comparisons of the two designs, which is a good indication of the similarities between Humphreys' unique Grant Park design and Lessard's Park Crest project. All of the items described below are common among both building designs.

(a) **High rise residential buildings--**Both building designs are approximately twenty stories tall, and both are designed as multi-family residential projects.

(b) **Two elevator lobbies connected by fire corridor--**The layout of two elevator lobbies connected by a fire corridor was initially presented by Humphreys. The later design by Lessard also contains this design feature. This aspect of the design allows for the features as noted below.

(c) **Units with direct access to elevator lobby--**Residents in high end residential high rise projects desire access to their unit directly from a lobby as opposed to from a hallway.

One unique feature of Humphreys' Grant Park design is that the individual living units are arranged around two lobbies in a manner that gives each unit direct access to a lobby. This feature is substantially similar in Lessard's design.

(d) **"Barbell" shapes--**The "barbell" design results from the unique manner in which the individual units relate to the lobby. This feature is substantially similar in both designs.

(e) **Mechanical / electrical rooms and trash chutes--**While mechanical / electrical rooms and trash chutes are typically included in all multifamily projects, the mechanical / electrical rooms and trash chutes are placed in the same relative location in both designs, with the mechanical / electrical rooms located at one end of the fire corridor and the trash chutes located at the opposite end.

(f) **Stairwells adjacent to elevator lobbies--**Projects of this type are required to contain two exit ways. A typical single lobbied building must have both exits accessing the lobby; however, because the lobbies are connected with a fire corridor in both Humphrey's and Lessard's designs, each lobby can be served by a single exit stair.

Both designs contain this unusual exit circulation design feature.

(g) **Corner units with diagonal axis--**One of the challenges that architectural designers face is designing units that take full advantage of the fenestration that is limited to outside walls. Both Humphrey's and Lessard's designs contain diagonal access corridors in the corner units, which is a feature that maximizes the ability to provide windows in unit rooms.

Both designs are substantially similar this desirable plan layout feature.

    (h)    **Similar exterior elevation compositions--**The "barbell" plan feature as described above results in an exterior elevation that contains a profile with undulations and fenestration patterns that are directly generated by the plan layout, but the overall appearance can be handled in many different ways.

            Both designs have similar top story and fenestration elements that, when combined with the same materials, give both project designs a substantially similar appearance.

    (i)    **Cantilevered elements in roof cornices--**One of the architectural features that has long been an item of attention for architects is the roof line of tall buildings. Both roof lines contain a cantilevered overhang at this point in the designs.

12.    The objective similarities in the Lessard design specified above provide examples of the arrangement and composition of spaces and elements that represent substantially similar features of Humphreys' Grant Park design.

13.    I understand that in this Court, the subjective comparison of two works, their total look and feel, is not typically a proper subject of expert testimony. It is my personal opinion as an architect that the Humphreys Grant Park Design is substantially similar to the Lessard Park Crest design. I offer this not to overstep my role as an expert witness, but simply so that the Court can understand that this is my opinion based on my professional experience and my professional judgment. If I did not offer this observation and opinion, it might give the incorrect impression that I did not find the building designs substantially similar.

14.    In my deposition, I was asked questions about opinions I have formed about the early stages of the design process as reflected in the Humphreys drawings, as compared to the early stages of the design process as shown in the Lessard drawings. My notes on this were made Deposition Exhibits No. 17 and No. 18. I understand that the drawings referenced in Exhibit 17, which show the earliest development of the Humphreys design, are already before the Court.

The drawings referenced in Exhibit 18 show how the earliest of the Lessard drawings were developed into a design that is substantially similar to the Humphreys Grant Park design. I am attaching these drawings to this Declaration so that they will be available to the Court. They are:

  Exhibit A:  PDT-HA0000106

  Exhibit B:  LES0000700

  Exhibit C:  PDT-HA0000096

  Exhibit D:  PDT-HA0000097

  Exhibit E:  PDT-HA0000099

  Exhibit F:  PDT-HA0000151

  Exhibit G:  PDT-HA0000121

I declare under penalty of perjury that the foregoing Declaration is based on my personal knowledge and is true and correct.

Dated:  December 13, 2013        _____
                    Daniel W. Figert, A.I.A.